UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Michael Williamson,                                        Case No.  1:18-cv-472


                        Petitioner,


        v.                                                 MEMORANDUM OPINION
                                                                AND ORDER


Harold May, Warden,[1]


                        Respondent.


## I.  INTRODUCTION

Petitioner Michael Williamson seeks a writ of habeas corpus under 28 U.S.C. § 2254,

concerning his conviction on charges of rape of a minor in the Cuyahoga County, Ohio Court of

Common Pleas.  (Doc. No. 1).  Magistrate Judge Kathleen B. Burke reviewed the petition as well as

the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I dismiss the petition in part

and deny it in part.  (Doc. No. 34).  Judge Burke also recommends I deny Williamson's motion for a

stay.  (Doc. No. 8).  Williamson has filed objections to Judge Burke's Report and Recommendation.

(Doc. No. 41).

Williamson also has filed three motions to amend his petition, (Doc. No. 37; Doc. No. 38;

Doc. No. 43), as well as a motion for the appointment of counsel.  (Doc. No. 42).  The briefing on

those motions is complete.  For the reasons stated below, I overrule Williamson's objections, adopt

---

[1]  Williamson currently is incarcerated at the Richland Correctional Institution in Mansfield, Ohio,
where Harold May is the warden and therefore the proper respondent.

Judge Burke's Report and Recommendation, and deny Williamson's motions to amend and for counsel.

## II.  BACKGROUND

On December 21, 2001, a Cuyahoga County, Ohio jury found Williamson guilty of twelve counts of rape of a minor.  He received 12 consecutive life sentences.  In March 2004, Williamson filed a *pro se* habeas petition in the United States District Court for the Northern District of Ohio, challenging his conviction on the alleged grounds of prosecutorial misconduct, ineffective assistance of counsel, and failure to disclose evidence.  That petition was denied.  Williamson's appeal to the Sixth Circuit Court of Appeals and his petition to the Supreme Court of the United States both were unsuccessful.

In 2012, Williamson filed a motion to correct his sentence, claiming the trial court had committed an error in the manner in which it imposed a term of post-release control.  The trial court denied the motion and Williamson appealed.  In August 2013, the Eighth District Court of Appeals rejected some of Williamson's assignments of error, but concluded the sentencing entry failed to include a proper notification of post-release control and remanded the case to the trial court to correct the omission with a nunc pro tunc judgment entry.  (Doc. No. 13-1 at 384). Williamson appealed that decision to the Supreme Court of Ohio.

While that appeal was pending, the trial court issued a corrected journal entry on September 27, 2013, pursuant to the Eighth District's remand order.  Williamson also appealed that entry, claiming the nunc pro tunc journal entry was improper because the trial court had not imposed post-release control during the initial sentencing hearing.

The Supreme Court of Ohio declined to accept jurisdiction of Williamson's appeal of the Eighth District's August 2013 decision on December 24, 2013.  In February 2014, while Williamson's appeal of the September 2013 nunc pro tunc entry was pending, the trial court held a

resentencing hearing for the purpose of meeting the statutory requirements for imposition of a term of post-release control. Williamson, through appointed counsel, appealed the February 2014 resentencing hearing on March 14, 2014.

On September 11, 2014, the Eighth District issued an opinion concerning both the September 2013 nunc pro tunc entry and the February 2014 resentencing hearing. It concluded the nunc pro tunc remand was improper because a review of the sentencing transcript showed the trial court had not initially advised Williamson about post-release control, and that the trial court did not have jurisdiction to hold the 2014 resentencing hearing because the September 2013 entry was on appeal at the time of the 2014 resentencing hearing. (Doc. No. 13-1 at 492-94).

On November 6, 2014, Williamson again appeared with appointed counsel for a resentencing hearing, limited to the imposition of post-release control. Williamson appealed, but his appeal was unsuccessful. After filing a variety of other state court motions, Williamson filed his present application for a writ of habeas corpus on February 28, 2018.

Williamson does not object to Judge Burke's recitation of the factual and procedural history of Williamson's case, and I adopt those sections of the Report and Recommendation in full. (Doc. No. 34 at 2-19).

### III.  STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636. Written objections "provide the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately . . . [and] to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.3d 947, 949-50 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S.

140, 147 (1985)).  A district court must conduct a *de novo* review only of the portions of the

magistrate judge's findings and recommendations to which a party has made a specific objection.  28

U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

## IV.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the

issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in

State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme Court
> of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).  "The prisoner bears the burden of rebutting the state court's factual

findings 'by clear and convincing evidence.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C.

§ 2254(e)(1)).

Williamson does not clearly or consistently identify or describe his grounds for relief in his

petition or his briefing.  Respondent proposed a summary and numbering system for his claims,

which Judge Burke adopted and to which Williamson does not object.  I will adopt the same

categorization of Williamson's claims:

> **GROUND ONE**: Special First Assignment of Error and Grounds for Petition:
> Remand to the trial Court is Mandated Under the Federal Constitution for a
> constitutionally proper hearing on, and issuance of and for, a judgment of conviction
> and sentence, from which petitioner must be given his constitutionally mandated
> rights under the Constitution of the United States, of ab initio appeal and collateral
> attack on that judgment pursuant to, inasmuch as they are not in violation of that
> mandate, the laws of the State of Ohio.

> Doc. 1, p. 8; Doc. 1-1, pp. 2, 19.

**GROUND TWO**: Special Second Assignment of Error and Grounds for Petition: Each of the other grounds for this Petition call for the effectuation of an remedy, Williamson asserts, by order and judgment of this Court, of the reversal of the T.C. judgment of 11.6.2014 (and its journal entry of 11.6.2014), and Williamson's remand to the trial court at a position in the state in which Williamson has yet to receive an effective, full and "real" judgment of conviction and sentence.

The courts of Ohio, however, pursuant to *Fischer*, supra, hold that the 11.6.2014 sentence-only "judgment" was a valid constitutionally permitted judgment[.]  If this is so, Williamson here argues: (1) [another resentencing would violate] the due process clauses, and/or the prohibition against cruel and unusual punishment clause (incorporated into the due process clause of the 14 Amendment). . . .

Argued in the alternative, since the Ohio appellate courts will not entertain a further appeal directly from the 2002 "conviction" portion of the judgment because they would invoke a state collateral estoppel rule/which contradicts the holding of *Stansell*, supra, . . . grounds, or claims Williamson makes in his petition stemming directly from the 2002 conviction/sentence new, or not are, and should be deemed, exhausted for § 2254 purposes.

Doc. 1, pp. 12-13; Doc. 1-1, pp. 2, 19.

**GROUND THREE**: Prosecutorial Misconduct.

    **Supporting Facts**: A trial court commits plain error by permitting the prosecutor (1) to elicit inadmissible, irrelevant and highly prejudicial hearsay testimony, (2) to cross-examine defense witnesses' regarding the truth of additional inadmissible, irrelevant and highly prejudicial hearsay statements not in evidence, and (3) to argue the truth of further irrelevant, inadmissible and highly prejudicial hearsay statement not in evidence to the jury in closing arguments.

**GROUND FOUR**: Ineffective Assistance of Counsel.

    **Supporting Facts**: A criminal defendant is denied the effective assistance of counsel where counsel failed to enter rudimentary objections and grossly mishandled an exculpatory witness by failing to offer his testimony, failing to adequately proffer that his testimony would have been that he coached the alleged victim's accusations, and failing to file a motion for new trial based upon this exculpatory witness's more detailed post-verdict statements.

**GROUND FIVE**: Withholding evidence.

**Supporting Facts**: On April 20, 2001, appellant was arrested, during the arrest, officers removed a blanket from appellant's home saying that appellant's DNA was on it. Appellant was ordered to take a DNA test. During the trial, this item that was taken from appellant's home was never entered in as evidence. If this item would have been at trial, it would of showed that the wrong person was being charged. Because of prosecution's and defense counsel's multiple instances of misconduct, both prosecutor and defense counsel failed to protect appellant's right to seek dire[ct] appellant's review of the inadmissibility of this item which was taken from appellant's home. This fell well below an objective standard of reasonableness.

Doc. 1, p. 33; Doc. 1-1, p. 2.

**GROUND SIX**: Habeas Grounds A and B: Appointed appellate counsel Sweeney made one 'maybe' claim in his Anders brief, that Williamson may have been improperly advised on his state PRC right/obligation. . . . Williamson had a right . . . to file his own brief. . . . Williamson never was delivered the notice. . . .

**GROUND SEVEN**: Habeas Ground C: Direct Appeal Anders Brief counsel Sweeney provided ineffective appellate counsel in failing to raise the 11.6.2014 trial court's error in failing to impose a "Judgment" passing constitutional muster at hearing, and the same, in writing thereafter in a judgment (journal) entry. Constitutionally speaking, it was inherently ineffective assistance for appellate counsel not to even raise an underlying argument of lack of jurisdiction, and ineffectiveness of 11.6.2014 counsel for not objecting to lack of jurisdiction. . . . Failure to raise a dispositive motion causing a lesser sentence constitutes ineffective assistance of appellate counsel. . . .

**GROUND EIGHT**: Habeas Ground D: Direct Appeal Anders brief counsel Sweeney provided ineffective assistance of counsel in failing to raise the 11.6.2014 trial court's harmful error in failing to grant Williamson leave to alloc[u]te.

**GROUND NINE**: Habeas Ground E: (A) The indictment under which Williamson was convicted was unconstitutionally void for duplicitousness [sic]. Anders Appellate counsel Sweeney was ineffective for failing to raise lack of jurisdiction to proceed at all on 11.6.2014 because the indictment was duplicitous [sic] or otherwise in violation of the cruel and unusual, double jeopardy and due process clauses. . . . (B) It was obvious this indictment was carbon-copy to anyone reading it. . . .

**GROUND TEN**: Habeas Ground F: Williamson is being denied finality of sentencing under the due process, double jeopardy, and cruel and unusual punishment clauses, in these continuing "resentencings" caused by trial court error or malice.

**GROUND ELEVEN**: Habeas Ground G: This is a grounds based upon Williamson's underlying claim that, the "allied" offense notion of double jeopardy codified in the O.R.C. (*State v. Ruff*, 143 Oh. St. 3d 114, 117-118 (2015)) required that Williamson be sentenced for only one offense of rape, not twelve; or that the sentences should have run concurrently.

Doc. 1-1, pp. 2, 21, 24-25, 28, 30-31, 32.

**GROUND TWELVE**: Habeas Ground 1: Given the Ohio trial court's previous history of judicial vindictiveness against this Defendant and others similarly situated, coupled with the trial court's failure to provide substantive Findings of Fact and Conclusion of Law in its JE denial of Williamson's PCRP, the 5th and 14th Amendments' due process clauses mandate the vacation of the underlying criminal convictions, and/or sentences.

**GROUND THIRTEEN**: Habeas Ground 2: The trial court erred in denying Petitioner's PCRP motion for appointment of counsel.

Claim No. 1: Re-Sentencing Hearing Counsel (11.6.2014) failed to raise the lack of the trial court's jurisdiction to enter judgment on conviction of the 12 counts or to sentence or resentence the Defendant to one life-sentence per count because of a violation of the Defendant's federal and state constitutional rights to due process of law and a fair trial and against double jeopardy, because all the counts of the indictment, as well as the descriptions in the Bill of Particulars were, duplicative, *U.S. v. Foster*, 765 F. 3d 610 (6th Cir. 2014), HN. 1; and, accordingly, void.

Claim 2: Re-Sentencing Counsel (11.6.2014) failed to raise the lack of the trial court's jurisdiction to resentence unless it actually did vacate the previous sentencing and resentence in full pursuant to the order of the Cuyahoga County Court of Appeals in *State v. Williamson*, No.: CA-102320....

Claim 3: Sentencing Counsel failed to raise the lack of the trial court's jurisdiction to resentence the Defendant to add additional punishment, post-release control, or 5 years of post-release control, upon a conviction for which the defendant had already received punishment, and for which he had already served prison time, with jail-time credit, as of 11.6.2014, of 13 years, because the imposition of the additional punishment, was, and is, a violation of the double jeopardy and due process of law clauses of the U.S. and Ohio Constitutions. See, *Hernandez v. Kelly*, 108 Ohio St. 3d 395 (2006).

Claim 4: Sentencing Counsel failed to raise the voidness of resentencing, or sentencing, the Defendant to 12 life-sentences because of the trial court's vindictiveness caused by trial counsel's ineffectiveness in promising the Defendant a

plea agreement (see, infra) not realizable, causing the Defendant to exercise his right to go to trial and to confront the witnesses against the Defendant, especially the victim, called as a prosecution, not a defense witness at trial, in violation of the Defendant's rights to Ohio and federal due process of law.

Claim 5: Sentencing Counsel failed to raise the voidness of the resentencing hearing because the Defendant was being brought back, and had been brought back previously, from his places of incarceration all over Ohio to the trial court for repetitive resentencings in disregard of due process of the law, and against the prohibition of cruel and unusual punishment.

Claim 6: Re-Sentencing Counsel (11.6.2014 Hearing) offered the Defendant a new plea deal to a limited reasonable term of years, and then told him inside the courtroom he was not going to get it. This so mentally deranged the Defendant he was not capable of allocuting intelligibly, or understanding the nature of the sentencing hearing to be able to effectively assist his counsel. See *Lafler v Cooper*, 132 S.Ct. 1376 (2012).

Claim 7: The trial court lacked subject matter jurisdiction, a federal constitutional right, to enter judgment on conviction of the 12 counts or to sentence or resentence the Defendant to one life-sentence per count because of a violation of the Defendant's federal constitutional rights to due process of law, and a fair trial, and against double jeopardy because all the counts of the indictment, as well as the description in the Bill of Particulars, were duplicative. See, Foster supra. The indictment itself, therefore, was void.

Claim 8: This Court lacked subject matter jurisdiction, a federal constitutional right, to resentence the Defendant, unless it actually did vacate all previous sentences, and resentenced the Defendant, in full, which it did not.

Claim 9: The Trial Court lacked subject matter jurisdiction, a federal constitutional right, to add an additional punishment of 5 years mandatory PRC after the defendant had already received punishment and had served 13 years of his sentence because such a resentencing was in violation of the double jeopardy and due process clause of the U.S. Constitution, *Foster*, supra, HN. 1.

Claim 10: The Trial Court lacked subject matter jurisdiction to sentence the Defendant to 12 consecutive life sentences plus $240,000.00 in fines, because Defendant went to trial, a right he had under the 5th and 6th Amendments. . . .

Claim 11: The Trial Court lacked subject matter jurisdiction to re-sentence the Defendant because the Defendant was being brought back to the common pleas court repetitive times for known-to-be-violative-of-due-process sentencings, in

disregard of his federal and Ohio constitutional rights to due process of law and against cruel and unusual punishment, see, *Hernandez v. Kelly*, supra.

Claim 12: The trial court lacked subject matter jurisdiction to resentence the Defendant when it affirmatively denied him his Ohio and federal due process right of allocution at sentencing, and his concomitant right under R. Crim P. 32. [Sent. Tr. 11.6.2014, 19:20-25-20: 1-2]. . . .

Claim 13: The appellate court erred, and violated Williamson's federal due process right (See, *Stemler v. Florence*, 126 F. 3d 856 (6th Cir. 1997), HN 6, cert. den. *Wince v. Stemler*, 542 U.S. 813 (2004), cited with approval *Hunt v. Sycamore Sch. Bd.*, 542 F. 3d 529 (6th Cir. 2008), by not providing a substantive review of Williamson's above 12 claims in the PCRP, which are made afresh in the Petition, supra here, requesting this habeas Court's substantive review.

Doc. 1-1, pp. 3-4, 45, 50-56.

**GROUND FOURTEEN**: DNA Application-based Hypothetical Ground 1: Provision of *Brady* and *Lafler v. Cooper* et al. were violated in not providing the DNA test.

**GROUND FIFTEEN**: DNA Application-based Hypothetical Ground 2: The O.R.C. 2953.71-2953.81 statutory scheme is unconstitutional pursuant to due process required by the Constitution of the United States; and pursuant to the equal protection clause of the 14th Amendment to that Constitution.

Doc. 1-1, pp. 5, 66, 70.

**GROUND SIXTEEN**: MfNT/PCRP-based Hypothetical Ground 1: Newly discovered evidence of a conviction of Neiswonger of the "rape" of L, or the state of Ohio bringing of an indictment against Neiswonger for either rape or obstruction of justice, in 2002, coupled with the state never having disclosed the same, and its result, in any pleading involving Williamson's subsequently and numerously made appellate claims before both state and federal courts, from 2002 until 2018, requires the grant to Williamson of a new trial.

Doc. 1-1, pp. 5-6, 75.

**GROUND SEVENTEEN**: Habeas Ground 3: The trial court committed plain error by permitting the prosecutor (1) to elicit inadmissible, irrelevant and highly prejudicial hearsay testimony, (2) to cross-examine defense witnesses regarding the truth of additional inadmissible, irrelevant and highly prejudicial hearsay statements

not in evidence, and (3) to argue the truth of further irrelevant, inadmissible and highly prejudicial hearsay statement not in evidence to the jury in closing arguments.

**GROUND EIGHTEEN**: Habeas Ground 4: Appellant was denied the effective assistance of counsel where counsel failed to enter rudimentary objections and grossly mishandled an exculpatory witness by failing to offer his testimony, failing to adequately proffer that his testimony would have been that he coached the alleged victim's accusations, and failing to file a motion for new trial based upon this exculpatory witness's more detailed post-verdict statements.

**GROUND NINETEEN**: New Habeas Ground 5: Williamson's conviction should be vacated (1) because of egregious violations of due process of law and the fair trial provisions of the Constitution, in prosecutorial misconduct suppressing the exculpatory testimony of witness Neiswonger at trial; and separately (2) because of egregious violations of due process of law and fair trial provisions of the Constitution, in the plain error of the trial court with respect to the suppression of the exculpatory testimony of Neiswonger at trial; and (3) because of a *Brady* violation involving that suppression.

Doc. 1-1, pp. 6-7, 77, 94, 103. See Doc. 22, pp. 23-29; Doc. 1, Doc. 1-1.

(Doc. No. 34 at 19-24).

## A.    MOTION FOR STAY AND ABEYANCE

After filing his habeas petition, Williamson filed multiple motions in the Cuyahoga County Court of Common Pleas, including two motions for leave to file a delayed motion for a new trial, a petition for post-conviction relief, and a combined motion for a new trial and request for post-conviction relief. The trial court denied all four motions and Williamson appealed.

He also filed a motion for a stay and abeyance of these proceedings so he could pursue his appeals of those motions, as well as an appeal of the trial court's denial of a motion Williamson filed concerning DNA testing of evidence. (Doc. No. 8). During the pendency of this litigation, the Eighth District denied Williamson's appeals of those issues. *See Ohio v. Williamson*, 2018-Ohio-2226; *Ohio v. Williamson*, 2019-Ohio-1985. The Supreme Court of Ohio declined to accept jurisdiction of

either of Williamson's appeals.  *See Ohio v. Williamson*, 153 Ohio St. 3d 1497; *Ohio v. Williamson*, 156 Ohio St. 3d 1478.

Williamson thus has exhausted all of his claims and I deny his motion, (Doc. No. 8), as moot.  *See, e.g., Hopings v. Kelly*, No. 3:08-CV-2202, 2009 WL 484059, at *1 (N.D. Ohio Feb. 25, 2009).

### B.    THE REPORT AND RECOMMENDATIONS

Judge Burke viewed each of Williamson's claims and recommends I deny his petition in part and dismiss it in part.  Williamson objects to Judge Burke's recommendations as to each one of his claims.

The problems with Williamson's objections primarily, though not entirely, arise from two wells: (1) his misreading of federal law, and (2) the basis for his continued assertions of innocence.

The first largely takes root in two areas – the deference to state court decisions mandated by AEDPA, (*see, e.g.,* Doc. No. 41 at 31), and Williamson's reading of the Sixth Circuit's decisions in *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), and *In re Stansell*, 828 F.3d 412 (6th Cir. 2016).

Williamson asserts that state court legal determinations are not entitled to a "presumption of correctness."  (Doc. No. 41 at 31).  This is inaccurate, as § 2254 mandates that a habeas petition be denied unless the state court's decision was "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ."  28 U.S.C. § 2254(d)(1).  A habeas petitioner is not entitled to relief unless "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 572 U.S. 415, 419-20 (2014) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).

Similarly, *Crangle* and *Stansell* do not support the theories Williamson attributes to them. Both of those cases dealt with the question of whether a state-court judgment resentencing a defendant should be considered to be a new judgment under AEPDA. *See Crangle*, 838 F.3d at 678-80 (A trial court's order, entered following the defendant's appeal and which imposes a period of post-release control following the defendant's term of incarceration which was not included in the trial court's original judgment, constitutes a new sentence which resets the statute of limitations for an inmate to file a habeas petition challenging the inmate's sentence contained in 28 U.S.C. § 2244(d)(1)(A).); *Stansell*, 828 F.3d at 416 (A defendant whose sentence was "partially vacated (to the extent it did not include a term of post-release control), and [who] was . . . partially resentenced (to impose that term)" received a new judgment which permitted the defendant "to raise challenges to his (undisturbed) conviction, his (undisturbed) term of incarceration, and his (new) term of post-release control.").

The Sixth Circuit's decision in *Stansell* permits Williamson to proceed with his current habeas petition without first being required to obtain authorization before filing a "second or successive" habeas petition pursuant to 28 U.S.C. § 2244(b)(1). At no point in either *Stansell* or *Crangle* did the Sixth Circuit state or imply that its interpretation of federal habeas law could somehow require a state to allow a defendant to restart the state-court criminal appeals process. *Crangle* and *Stansell* did not:

- "create [an] excuse" to permit Williamson to avoid the application of the procedural-default rule[2], (Doc. No. 41 at 8);

- overrule the Supreme Court of Ohio's decision in *Ohio v. Fischer*, 942 N.E.2d 332 (Ohio 2010), (Doc. No. 41 at 9);

---

[2] The *Stansell* court specifically rejected this theory. *Stansell*, 8287 F.3d at 419 ("Petitioners will still have to comply with procedural default and exhaustion requirements.").

- render the trial court's journal entry void simply because Williamson was not physically present at the time the court completed the ministerial act of journalizing the sentence imposed on the defendant, (*id.* at 11-13, 18, 22);

- permit Williamson to present claims in his habeas petition "as if he is in a 'direct appeal' challenge" in state court, (*id.* at 14);

- create a "constitutional right to appeal the merits of [Williamson's] 2002 conviction ab initio," (*id.* at 19);

- overrule the well-established principle that a defendant's Ohio Appellate Rule 26(B) application cannot preserve the underlying constitutional claim for federal habeas review, (Doc. No. 41 at 32); or,

- permit Williamson to obtain habeas relief based upon the trial court's refusal to allow him to present argument during his November 2014 resentencing hearing concerning cases which were overruled by the Supreme Court of Ohio in *Fischer*, (Doc. No. 41 at 33).

To reiterate, *Crangle* and *Stansell* stand for the proposition that a defendant may file a habeas petition containing challenges to the defendant's conviction, sentence, or both, following the entry of a new state-court judgment against him without first satisfying AEDPA's second-or-successive petition requirements and that the entry of the new state-court judgment resets AEDPA's one-year statute of limitations. *Stansell*, 828 F.3d at 416-17; *Crangle*, 838 F.3d at 677.

The second problem may be summarized with Williamson's own words – "Williamson wants the public to know he never did the things to [the victim] she testified at trial he did, for example, even though he may not be able to meet all the standards for the de jure application of the term 'actual innocence.' " (Doc. No. 41 at 29, n.**).  While conceding he lacks new evidence which could show he actually is innocent and therefore cannot establish a basis to excuse his procedural default[3] of many of the claims he brings in his petition, *Bousley v. United States*, 523 U.S. 614, 623 (1998), Williamson asserts what he terms his "de facto" innocence.  What he really offers, however, is a claim that the jury's decision to convict him was not supported by sufficient evidence or was

---

[3] Judge Burke recommends I conclude seven of Williamson's claims are barred in whole or in part by the procedural default rule.

against the manifest weight of the evidence. Those claims are inadequate to excuse his procedural defaults, were not included in his habeas petition, and themselves are procedurally-defaulted because Williamson did not give the Ohio courts one full and fair opportunity to consider them.

### 1. Ground One

Judge Burke recommends I conclude Williamson's first ground for relief fails because it includes legal claims which are not cognizable in habeas proceedings and because it lacks merit. (Doc. No. 34 at 33-34). Williamson objects.

In Ground One, Williamson challenges what he refers to as the "November 2014 'judgments.' " (*See, e.g.,* Doc. No. 41 at 22). His primary contention is that the trial court violated *Crangle* and Williamson's constitutional rights by holding a resentencing hearing and then later issuing a journal entry describing his term of incarceration and the terms of any potential term of post-release control. His objections fall short.

As I discussed above, *Crangle* interprets AEDPA. It does not identify or create any constitutional rights.

Moreover, a court "speaks only through its journal, and not by oral pronouncement. . . . A trial court's oral statements have no legal force and effect unless and until incorporated into a journalized entry." *Pettit v. Glenmoor Country Club Inc.*, No. 2012-CA-00088, 2012 WL 6014539, at *4 (Ohio Ct. App. Nov. 29, 2012) (citing *Schenley v. Kauth*, 113 N.E.2d 625 (Ohio 1953), paragraph one of the syllabus, and *In Re Guardianship of Hollins*, 872 N.E.2d 1214, 1218-19 (Ohio 2007)). Williamson identifies no differences between the trial court's oral statements at his hearing and its journal entry and therefore fails to identify any error in his sentence.

I overrule Williamson's objections and conclude his first ground for relief lacks merit.

### 2. **Ground Two**

In Ground Two, Williamson claims he "has yet to receive an effective, full and 'real' judgment of conviction and sentence." (Doc. No. 34 at 20). Judge Burke recommends I conclude this ground for relief is not cognizable in habeas proceedings because it challenges a state court interpretation of state sentencing laws and does not allege a federal constitutional violation. (Doc. No. 34 at 34-35).

Williamson objects, claiming his sentence is void because he did not receive a sentencing hearing at which the trial court entered "a unified judgment of conviction and sentence as required by *Crangle* and *Stansell.*" (Doc. No. 41 at 14). Again, neither *Crangle* nor *Stansell* stand for this proposition. This objection lacks merit.

Williamson also objects to Judge Burke's conclusion that he does not allege a federal constitutional violation, alluding to the Eighth Amendment prohibition against cruel and unusual punishment, (Doc. No. 41 at 15), in addition to the due process clause of the Fourteenth Amendment. (Doc. No. 34 at 20). As I will discuss below in connection with Ground Ten, Williamson offers no legal basis for his belief that a resentencing hearing could qualify as punishment under the Eighth Amendment, or that receiving notice and an opportunity to be heard violates due process.

I overrule his objections and conclude Ground Two is not cognizable.

### 3. **Ground Three and Ground Seventeen**

Ground Three and Ground Seventeen assert the same claims of prosecutorial misconduct. (Doc. No. 41 at 23). Williamson included Ground Three in his 2004 habeas petition, which Judge John Manos denied in its entirety. *Williamson v. Haviland*, No. 1:04-cv-629, 2006 WL 287991 (N.D. Ohio Feb. 6, 2006). Williamson included the duplicative Ground Seventeen in his current petition in order to avoid "res judicata invocation, or any other form of 'blanket' substantive denial of his

claim . . . made by simply invoking another court's decision, or reasoning . . . ." (Doc. No. 41 at 23). Judge Burke recommends I deny these grounds for relief, noting Williamson offers "no persuasive reasoning that the prior court's determinations were faulty." (Doc. No. 34 at 35).

Williamson objects, arguing Judge Burke impermissibly assumed Judge Manos correctly analyzed his claims in 2006, and that the Supreme Court subsequently invalidated the basis for Judge Mano's Confrontation Clause conclusion. (Doc. No. 41 at 14, 23-24).

Williamson's initial petition challenged the state court's admission of testimony from a Cuyahoga County social worker about statements made to her by the victim, and about Williamson's physical abuse of the victim's mother and younger brothers. *Williamson v. Haviland*, 2006 WL 287991 at *3-5. Judge Manos concluded: (1) Williamson's evidentiary claims were not cognizable because legal errors in state evidentiary conclusions "are not within the purview of a federal habeas court," *id.* at *4; and (2) the trial court's refusal to permit Williamson to call the victims' brothers to testify did not violate Williamson's rights under the Confrontation Clause because trial counsel intended to call the brothers as witnesses in order to impeach the victim's credibility, not to confront them about any statements they made. *Id.* at *5.

While "res judicata generally does not apply to habeas challenges even when a petitioner raises the same claim after resentencing as he had in an earlier petition," the earlier court's procedural-default and merits determinations may apply with equal persuasiveness to a later-filed petition. *King v. Morgan*, 807 F.3d 154, 159–60 (6th Cir. 2015).

Judge Manos concluded Williamson failed to show he was denied due process because he could not show the challenged statements were improperly admitted or were irrelevant to the main issues in the case. *Williamson v. Haviland*, 2006 WL 287991 at *3-4. Williamson primarily argues the trial court's evidentiary rulings were "outcome-determinative" because the admission of certain evidence and the exclusion of other evidence prohibited him from impeaching the social worker's

testimony about what the victim told the social worker about Williamson's behavior. (Doc. No. 1-1 at 91-92). Williamson relies on his blanket argument that *Crangle* and *Stansell* permit him to challenge events that occurred during his trial "as if he is in a 'direct appeal' challenge." (Doc. No. 41 at 14). Those cases do not stand for this proposition. Williamson's arguments about state evidentiary law do not establish a violation of his federal due process rights.

Further, *Melendez-Diaz v. Massachusetts* does not support Williamson's argument that the trial court erred in refusing to allow the defense to call the victims' brothers as witnesses. (*See* Doc. No. 41 at 24). Instead, the Supreme Court held in that case that forensic analysts who certified that a substance found in the defendant's vehicle contained cocaine were witnesses against the defendant and could be compelled to testify at trial. *Melendez-Diaz*, 557 U.S. 305 (2009). That case provides no basis for questioning Judge Manos' conclusion that the trial court did not violate the Confrontation Clause in refusing to allow Williamson to call the victims' brothers as impeachment witnesses.

I overrule Williamson's objections and conclude his third and seventeenth grounds for relief lack merit.

### 4. Ground Four and Ground Eighteen

Grounds Four and Eighteen also raise the same claims – that Williamson received ineffective assistance from his trial counsel. (Doc. No. 34 at 20, 24). Judge Manos rejected Williamson's claims, concluding Williamson failed to demonstrate he suffered any prejudice from trial counsel's alleged errors in counsel's "failure to object to other acts testimony" or "treatment of an exculpatory witness." *Williamson v. Haviland*, 2006 WL 287991 at *6-7. Judge Burke recommends I reach the same conclusion.

Williamson objects, contending Judge Burke improperly assumed the correctness of Judge Manos' earlier decision and improperly ignored what Williamson calls a confession from Mark Neiswonger, a mentally-handicapped man who lived with the Williamsons during the time period in

which the rapes occurred. (Doc. No. 41 at 27-30). Williamson asserts the trial court acted vindictively in refusing to admit evidence that Neiswonger confessed to sexually assaulting the victim and claims this evidence would have exonerated him. (*Id*.).

Williamson's objections are not persuasive. Even if I were to assume his characterization of what Neiswonger said is credible, and that Neiswonger in fact would have testified during Williamson's trial that he (Neiswonger) molested the victim, *Ohio v. Williamson*, 2002 WL 31667650 at *5, Neiswonger could not have exonerated Williamson. The most Neiswonger might have been able to say was that he never witnessed Williamson assault the victim. This falls far short of demonstrating actual innocence.

Williamson also objects based upon his misreading of AEDPA and *Crangle* and *Stansell*. (Doc. No. 41 at 31). These objections lack merit.

I overrule Williamson's objections and deny his fourth and eighteenth grounds for relief.

### 5. Ground Five

Judge Burke recommends I dismiss Ground Five because Williamson has withdrawn it. (Doc. No. 34 at 39). Williamson objects to this recommendation "to the extent it may have made that application [of res judicata] with findings or conclusions unfavorable to Williamson on [the trial court's] vindictiveness," but he acknowledges he withdrew this ground for relief because he could not establish each prong of "all the constitutional law tests." (Doc. No. 41 at 16). Duly noting Williamson's desire to preserve any allegations he makes about the trial court's vindictive behavior toward him, I dismiss Ground Five.

### 6. Ground Six

Judge Burke recommends I dismiss part of Ground Six, because Williamson withdrew the portion of his claim which asserts Williamson's appellate counsel erred in including a "maybe" claim

in his *Anders* brief, and deny the remainder of Ground Six, because Williamson fails to show appellate counsel was ineffective or that he was prejudiced. (Doc. No. 34 at 39-40).

Williamson objects, claiming he would have prevailed on appeal if he had been given notice his appellate counsel was going to file an *Anders* brief and had had an opportunity to submit a *pro se* appellate brief. (Doc. No. 41 at 32).

A defendant must show "his counsel's performance was deficient and that it prejudiced him" in order to prevail on an ineffective assistance of counsel claim. *Nichols v. Heidle*, 725 F.3d 516, 539 (6th Cir. 2013) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance means that 'counsel's representation fell below an objective standard of reasonableness[,]' [while prejudice] means 'there is a reasonable probability that, but for counsel's unprofessional errors [i.e., deficient performance], the result of the proceeding would have been different.'" *Nichols*, 725 F.3d at 539 (quoting *Strickland*, 466 U.S. at 688, 694)).

When a defendant asserts an ineffective-assistance claim in a habeas petition, the petitioner must show "the state court's rejection of that claim was 'contrary to, or involved an unreasonable application of' *Strickland*, or rested 'on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nichols*, 725 F.3d at 540 (quoting 28 U.S.C. § 2254(d)). Thus, the AEDPA mandates that a habeas court's review of the state court's ineffective-assistance analysis is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citations omitted).

After the Eighth District dismissed his appeal of his November 2014 resentencing, Williamson filed a notice of appeal with the Supreme Court of Ohio, asserting the trial court erred in conducting the resentencing hearing on "the narrow scope of Post-Release Control notification rather than conducting a new sentencing hearing," and in refusing to grant Williamson leave "to address issues relating to his sentencing in connection with the 06 November 2014 resentencing

hearing." (Doc. No. 34 at 11). The second contention appears to be a reference to Williamson's argument that the trial court lacked jurisdiction to impose a sentence during the November 2014 resentencing. (Doc. No. 1-1 at 21-22, 25). Williamson claims appellate counsel was ineffective in failing to notify him of counsel's intent to file an *Anders* brief.

Williamson fails to show counsel's performance fell below an objective standard of reasonableness. Under *Fischer*, the trial court has jurisdiction only to enter a proper post-release control sentence (after a deficient post-release control sanction has been identified as void) and does not have jurisdiction to alter or amend any other aspects of the conviction, "including the determination of guilty and the lawful elements of the ensuing sentence." *Ohio v. Holdcroft*, 1 N.E.3d 382, 386 (Ohio 2013) (quoting *Fischer*, 942 N.E.2d at 343). Therefore, there is not merit to Williamson's scope or jurisdiction arguments and he was not prejudiced by appellate counsel's alleged failure to notify him of counsel's intent to file an *Anders* brief, because any *pro se* brief presenting these arguments would have been denied by the court of appeals.

He also reiterates his *Crangle* and *Stansell* arguments, which are meritless. I overrule Williamson's objections and dismiss Ground Six in part and deny it in part.

### 7. Ground Seven

Judge Burke recommends I dismiss Ground Seven as procedurally defaulted. Williamson's assertions in this ground for relief are substantially similar to his arguments relating to Ground Six, except that in Ground Seven, he argues appellate counsel was ineffective for failing to raise the arguments Williamson identifies rather than simply for failing to notify him of counsel's intent to file an *Anders* brief. Judge Burke concluded Williamson did not fairly present this ground for relief to the state courts. (Doc. No. 34 at 41).

Williamson objects, arguing he presented the substance of the claim in his Rule 26(B) application to reopen his direct appeal, even if he did not use the same wording. (Doc. No. 41 at 10).

The procedural default rule bars a federal habeas petitioner's claims if (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules, or (2) the petitioner failed to fully pursue a claim through the state's "ordinary appellate review procedures" and is now no longer able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would occur if the claim is not reviewed. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)).

Williamson's contentions in his Rule 26(B) application do not fairly state issues substantively similar to those he seeks to assert in Ground Seven. (Doc. No. 34 at 12, 21). Ground Seven asserts appellate counsel was ineffective for failing to raise an argument that the trial court lacked jurisdiction to hold the November 2014 resentencing hearing, and the claims Williamson stated in his Rule 26(B) application do not include his lack-of-jurisdiction claim. Williamson did not give the state courts one full and fair opportunity to consider this claim and he fails to establish cause and prejudice to excuse his procedural default. I overrule his objections and dismiss Ground Seven as procedurally defaulted.

### 8. Ground Eight

Judge Burke recommends I dismiss Ground Eight as procedurally defaulted because Williamson did not include it in his Rule 26(B) application and fails to establish cause and prejudice. (Doc. No. 34 at 41). Judge Burke also recommends I alternatively deny this ground for relief as lacking merit. (*Id.*).

Williamson objects to Judge Burke's merits recommendation but does not address her procedural-default recommendation. I conclude Williamson's claim that the trial court erred in refusing to allow him to allocate during the November 2014 is procedurally defaulted and he fails to establish cause and prejudice to excuse his procedural default. Therefore, I dismiss Ground Eight.

### 9. Ground Nine

Judge Burke recommends I dismiss Ground Nine, in which Williamson claims his appellate counsel was ineffective in failing to challenge the trial court's jurisdiction to hold the November 2014 resentencing hearing because his 2001 indictment was duplicative, as procedurally defaulted. The Eighth District rejected Williamson's challenges to his indictment under the procedural rules of res judicata and law of the case. (Doc. No. 13-2 at 46-49).

Williamson objects to this recommendation on the same basis as his objections to Ground Six. (Doc. No. 41 at 32 n.1 ("[T]his section on Ground 6 also serves as Williamson's [objection] to the R&R's Ground 9 Recommendation.")). I overrule these objections for the same reasons as I overrule them with respect to Ground Six.

He also claims he was entitled to challenge his 2002 conviction during the November 2014 resentencing hearing pursuant to *Crangle* and *Stansell*. This claim lacks merit. Those cases apply to habeas petitions filed pursuant to § 2254, not state-court postconviction filings.

I overrule Williamson's objections and dismiss his ninth ground for relief.

### 10. Ground Ten

Judge Burke recommends I deny Ground Ten as lacking merit. Williamson objects, claiming the trial court lacked jurisdiction to hold the November 2014 resentencing hearing and that the multiple sentencing hearings deprived him of "finality of sentence" and violated the constitutional prohibition against cruel and unusual punishments. (Doc. No. 41 at 15-16).

Williamson claims it is "a realistic possibility, indeed, a commonplace occurrence, for the government at such resentencings, to agree to dismiss, and replead with a new plea bargain in order to avoid Williamson's further appeals and/or collateral challenges." (Doc. No. 41 at 17 n.1). Williamson offers no factual basis for this assertion and, notwithstanding his subjective expectations concerning his November 2014 resentencing hearing, the trial court had jurisdiction to conduct that hearing only to impose a statutorily-compliant term of post-release control, and not for any other reason. *See Fischer*, 942 N.E.2d at 343.

I overrule Williamson's objections and deny Ground Ten.

**11. Ground Eleven**

In this ground for relief, Williamson challenges his convictions under the allied-offense double jeopardy prohibition codified in Ohio law and argues his 12 life sentences should have run concurrently rather than consecutively. Judge Burke recommends I dismiss this claim for the same reasons as Ground Nine.

Williamson objects to this recommendation for the same reasons as he objects to Ground Nine. (Doc. No. 41 at 11). These objections lack merit and I dismiss Ground Eleven as procedurally defaulted.

**12. Ground Twelve**

Judge Burke recommends I dismiss Ground Twelve because Williamson has withdrawn it. (Doc. No. 34 at 45). Williamson acknowledges he has withdrawn this claim. (Doc. No. 41 at 16). I adopt Judge Burke's recommendation and dismiss Ground Twelve.

**13. Ground Thirteen**

Judge Burke recommends I deny Ground Thirteen in part and dismiss it in part. Judge Burke concluded claims 1-12 are procedurally defaulted because the Eighth District applied a procedural bar in rejecting these claims as untimely and successive; Williamson's claim for deny of

the right to counsel fails because he is not entitled to counsel for post-conviction proceedings; and claim 13 fails because the appellate court did not violate Williamson's due process rights by enforcing the procedural bar. (Doc. No. 34 at 45-47).

Williamson objects, arguing (a) claims 1-12 of Ground Thirteen are not procedurally defaulted because of the Sixth Circuit's decisions in *Crangle* and *Stansell*, (Doc. No. 41 at 11-13, 17, 36-39); and (b) he fairly presented claims 1-12 in his subsequent Rule 26(B) application. (*Id.* at 53-54). He also disputes Judge Burke's conclusion that he has no right to counsel in post-conviction proceedings.

The Eighth District rejected Williamson's claim that the trial court violated his right to counsel by denying his motion for appointment of counsel. (Doc. No. 13-2 at 214). Williamson does not have a constitutional right to counsel on a postconviction petition to vacate or set aside his conviction and sentence. *See, e.g., Davila v. Davis*, 137 S. Ct. 2058, 2056-66 (2017).

Second, Williamson's arguments based upon *Crangle* and *Stansell* lack merit and therefore do not excuse his procedural default.

Finally, the Eighth District rejected Williamson's arguments in claims 1-12 as barred by a procedural rule and Williamson fails to establish cause and prejudice to excuse his procedural default. *Williams*, 460 F.3d at 806.

I overrule his objections and dismiss Ground Thirteen in part and deny it in part.

**14. Ground Fourteen**

Ground Fourteen is the first of three claims for relief which Williamson initially presented as "hypothetical," by which he meant unexhausted. (*See, e.g.,* Doc. No. 41 at 60-61). After Williamson filed his petition, the Eighth District upheld the trial court's denial of Williamson's postconviction application for DNA testing, *Ohio v. Williamson*, 114 N.E.3d 323 (Ohio Ct. App. 2018), and the Supreme Court of Ohio declined to accept jurisdiction of his appeal. *Ohio v. Williamson*, 108 N.E.3d

1105 (Ohio 2018) (Table).  It also is the subject of Williamson's motion for a stay and abeyance, (Doc. No. 8), and two motions to amend the petition, (Doc. No. 37 and Doc. No. 43), filed after Judge Burke's Report and Recommendation.

I deny Williamson's motion for stay and abeyance as moot, (Doc. No. 8), as he has exhausted his claims in state court.

The Federal Rules of Civil Procedure generally apply to habeas proceedings.  28 U.S.C. § 2242.  Rule 15 governs motions to amend, which should be freely permitted unless the amendment would prejudice an objecting party.  Fed. R. Civ. P. 15(b)(1).  A proposed amendment could cause prejudice in several ways, including where the amendment would be futile, because it would fail to prevent the dismissal or denial of the claim which the petitioner seeks to amend.  *See Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998).

Judge Burke recommends I deny this ground for relief because Williamson fails to show the state court's denial of his application for DNA testing was unreasonable or contrary to federal law. (Doc. No. 34 at 49-50).  Further, Judge Burke concluded Williamson fails to offer any evidence to support his argument that the State of Ohio could test the flooring and cup he refers to, as the Eighth District made a factual finding that the police officers who collected evidence at Williamson's house did not collect any flooring or any cups.  (*Id.* at 50 ("Williamson offers no evidence, let alone clear and convincing evidence, that the state did take samples of these items and that the Ohio Court of Appeals' determination was incorrect.")).

Williamson objects, characterizing the appellate court's decision as a victory because the State of Ohio "for the first time in 16 years [admitted] it took no DNA test on the flooring," and claiming the prosecution violated his rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Lafler v. Cooper*, 566 U.S. 156 (2012), by failing to conduct a DNA test.  (Doc. No. 41 at 42-43).

The Eighth District stated "[t]he police did not take a cup or flooring into evidence in April 2001 or anything thereafter; thus, the state was unable to locate a cup or flooring" on which they possibly could have performed a DNA test. *Ohio v. Williamson*, 114 N.E.3d at 327. Moreover, the court of appeals concluded that, even if police had taken those items into evidence at the time Williamson was arrested, Ohio law would have prohibited the trial court from granting Williamson's postconviction motion because "even if DNA from another person was found, Williamson would not be completely exonerated because the victim testified he raped her over 40 times. Williamson's identity was not at issue; he denied raping the victim and was convicted of 12 counts of rape." *Id.*; *see also* Ohio Rev. Code § 2953.74(C)(4) (prohibiting a trial court from accepting a DNA testing application unless an "exclusion result will be outcome determinative").

Williamson fails to show the Eighth District's factual determination that no cup or flooring had been taken into evidence was incorrect, or that its legal conclusion that Williamson did not meet the statutory requirements to obtain an order requiring postconviction DNA testing was unreasonable. Moreover, his claim that the state's failure to conduct a DNA test violated his rights under *Brady* and *Lafler* lacks merit. The prosecution could not have violated Williamson's due process rights by failing to turn over DNA evidence when it did not have any DNA evidence to withhold. *See Brady*, 373 U.S. at 87 ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

I overrule Williamson's objections and deny his fourteenth ground for relief. I conclude Williamson's motions to amend would be futile, because they fail to change the outcome of my analysis. Therefore, I also deny his motions to amend. (Doc. No. 37 and Doc. No. 43).

### 15. Ground Fifteen

Ground Fifteen also is the subject of Williamson's motion for a stay and abeyance, (Doc. No. 8), and two motions to amend the petition, (Doc. No. 37 and Doc. No. 43), filed after Judge Burke's Report and Recommendation.  In this ground, Williamson claims Ohio's postconviction DNA testing statute violates his equal protection rights because it treats him differently from similarly-situated defendants.  (Doc. No. 37 at 3-4).  Judge Burke recommends I deny this ground for relief.

Williamson objects, arguing the court of appeals erred in concluding the flooring and cup were not under police "control" because police collected as evidence a blanket which was located immediately adjacent to the flooring Williamson contends should be tested for DNA evidence. (Doc. No. 41 at 44).

The Eighth District considered Williamson's equal protection claim and rejected it.  The court of appeals noted there is no substantive due process right to postconviction DNA testing and that Williamson is not similarly situated to the class of defendants described in Chapter 2953 because the items he seeks to have tested "were never collected as part of the criminal investigation" and the items covered by the statute are "items that remain in the state's possession." *Ohio v. Williamson*, 114 N.E.3d at 328-30.

While Williamson claims the police had the flooring in their "control" because they collected as evidence the victim's blanket from the same room as the flooring, (Doc. No. 41 at 44), he fails to offer any evidence that officers collected a DNA sample from the flooring or removed the flooring itself.  Williamson cannot show the state violated his due process or equal protections rights.  I overrule his objections and deny this ground for relief.

Further, I conclude his motions to amend are futile because they would not prevent the denial of Williamson's claim. Therefore, I also deny his motions to amend. (Doc. No. 37 and Doc. No. 43).

### 16. Ground Sixteen and Ground Nineteen

These two grounds for relief center on Williamson's belief that the state courts violated his rights when they failed to grant him relief based upon Neiswonger's alleged confession. (Doc. No. 34 at 24). Ground Sixteen forms part of the basis for Williamson's motion for stay and abeyance, (Doc. No. 8), and his second and third motions to amend his petition. (Doc. No. 38 and Doc. No. 43). Judge Burke recommends I dismiss Ground Sixteen as unexhausted and Ground Nineteen as procedurally defaulted. (Doc. No. 34 at 48, 50-51). The Eighth District has since denied his appeal of his postconviction motion, *Ohio v. Williamson*, 2019-Ohio-1985, 2019 WL 233630 (Ohio Ct. App. May 23, 2019), and the Supreme Court of Ohio declined to accept jurisdiction of his appeal. *Ohio v. Williamson*, 128 N.E.3d 245 (Ohio 2019).

Much of Ground Nineteen overlaps with Ground Sixteen. In both grounds, Williamson repeats his contention that Neiswonger allegedly confessed to sexually assaulting the victim and stated Williamson did not participate in these assaults and, therefore, Williamson's conviction was unconstitutional. Williamson, as I noted above, also raised this claim on direct appeal, and the Eighth District rejected it. *See Ohio v. Williamson*, 2019 WL 233630 at *5 (denying Williamson's petition for postconviction relief as barred by the doctrine of res judicata). The Ohio courts plainly applied a procedural bar to his claims and Williamson fails to establish cause and prejudice to excuse his procedural default.

Williamson offers an additional claim in Ground Nineteen – that the prosecution's purported failure to inform him that a grand jury had declined to indict Neiswonger for obstruction of justice in 2002 violated his due process rights under *Brady*. (Doc. No. 34 at 24; Doc. No. 41 at

63).  Williamson's explanation of the basis for his *Brady* claim changed between the time he filed his petition (which alleged a *Brady* violation in the trial court's decision to bar Neiswonger from testifying at trial) to the time he filed his objections (which allege a *Brady* violation for the failure to disclose Neiswonger was not indicted for obstruction of justice after the trial court refused to allow him to testify that he molested the victim).  His claim lacks merit under either theory.

As I described above, prosecutors are required to turn over "evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment."  *Brady*, 373 U.S. at 87.  Neither the trial court's decision to prohibit Neiswonger from testifying (which, of course, Williamson was aware of at the time of his trial) nor the grand jury's decision not to indict Neiswonger for obstruction of justice is material to the matter of Williamson's guilty or to the punishment which the trial court could impose.  *See id.* at 88 (A prosecutor may not withhold evidence which "would tend to exculpate [the defendant] or reduce the penalty" the defendant faces.).

Therefore, I overrule Williamson's objections.  I dismiss Grounds Sixteen and Ground Nineteen in part as procedurally defaulted and deny the remainder of Ground Nineteen as without merit.  I deny his motions to amend as futile.

## V.    CONCLUSION

For the reasons stated above, I overrule Williamson's objections, (Doc. No. 41), to Judge Burke's Report and Recommendation, (Doc. No. 34), and adopt the Report and Recommendation in full.

I deny Ground One as without merit; dismiss Ground Two as non-cognizable in habeas proceedings; deny Ground Three and Ground Four as without merit; dismiss Ground Five as withdrawn; dismiss Ground Six in part as withdrawn and deny the remainder of Ground Six as without merit; dismiss Ground Seven, Ground Eight, and Ground Nine as procedurally defaulted;

deny Ground Ten as without merit; dismiss Ground Eleven as procedurally defaulted; dismiss Ground Twelve as withdrawn; dismiss Ground Thirteen in part as procedurally defaulted and deny the remainder as without merit; deny Ground Fourteen and Ground Fifteen as without merit; dismiss Ground Sixteen as procedurally defaulted; deny Ground Seventeen and Ground Eighteen as without merit; and dismiss Ground Nineteen in part and deny the remainder of Ground Nineteen as without merit.

Further, I deny Williamson's motion for a stay and abeyance, (Doc. No. 8), as moot, and deny his motions to amend, (Doc. No. 37; Doc. No. 38; Doc. No. 43), and his motion for counsel, (Doc. No. 42), as lacking merit.

Finally, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge